**In re Sharon Lynn WOODCOCK and Brian Howard Woodcock, Debtors.**

**Bankruptcy No. 288–07300–C–7.**

United States Bankruptcy Court, E.D. California.

May 4, 1989.

John L. Zitomer, Zitomer & Roberts, Placerville, Cal., for debtors.

## MEMORANDUM OPINION

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

The question is whether an attorney who represents a debtor in a bankruptcy case can decline to appear and defend the debtor from a creditor's motion for relief from automatic stay because the attorney wants additional fees to be paid first. This situation presents a species of withdrawal in which the client would be left unrepresented.

On more than one occasion, debtors have stood up in court *in propria persona* to oppose routine relief from stay motions despite the prior entry of an appearance on their behalf by counsel. They typically explain the absence of their counsel by saying that counsel will not appear without more

money up front, and that there is no available money.

The requirements for withdrawal in this district are established by the Local Rules of the United States District Court for the Eastern District of California. Those rules are applicable in matters in this court and require that counsel not leave the client *in propria persona* unless the court first approves withdrawal from representation. Counsel, however, would be entitled to charge for any such services if permitted by the terms of the contract with the client, subject to the limitation at 11 U.S.C. § 329 that such charges not exceed the reasonable value of such services.

## FINDINGS OF FACT

Debtors had a motor vehicle that a creditor wanted to recover. At the preliminary hearing on the motion for relief from automatic stay, one of the joint debtors (hereafter "debtor"), whose counsel had entered his appearance at the inception of the case, appeared *in propria persona* in opposition to the motion. Debtor explained the absence of counsel by reporting that his counsel had requested more money as a precondition to appearing at the hearing. Debtor represented that the vehicle was essential for transportation to his place of employment, and that there were no practicable alternatives. It was apparent that creditor preferred a settlement, and that debtor might be able to advance meritorious defenses and to settle with the creditor. A final hearing was set.

Consistent with my usual practice when these circumstances arise, an order issued requiring that debtor's counsel appear at the final hearing and, further, requiring that counsel file, pursuant to section 329, a detailed statement of the compensation paid or agreed to be paid for services in connection with the case, together with an explanation of why such compensation reflected the reasonable value of such services.

Debtor's counsel appeared at the time of the final hearing (having first negotiated a settlement that permitted his client to keep the vehicle) and presented an Application For Approval Of Fees requesting an additional $100.00.

Counsel and debtors had, at the outset of the representation, executed a written agreement that called for a fixed payment of $690.00 to cover initial consultations, preparing and filing the petition and schedules, paying the filing fee, and one appearance at the First Meeting of Creditors. This amount was derived from an estimate, based upon counsel's experience, of the amount of counsel's time that a chapter 7 case would consume. The parties agreed to payment of counsel's customary hourly rate of $75.00 for subsequent motions and court appearances or for extended negotiations.

## CONCLUSIONS OF LAW

The pending application by debtors' counsel for approval of post-petition fees is deemed to be a statement of debtors' transactions with attorneys, coupled with a request for a declaration that the compensation does not exceed the "reasonable value" of the services. 11 U.S.C. § 329; Bankr.Rule 2016(b).[1]

We start with the proposition that the attorney-client relationship, including terms of compensation, is fundamentally a matter of contract between attorney and client. An attorney's freedom to contract with a client in a litigation matter is constrained by court rules, ethical obligations, and statutes. Those constraints tend to vary by

1. Prior permission to charge the client is not mandated by 11 U.S.C. § 329, and since counsel is not a professional employed under 11 U.S.C. §§ 327 or 1103 and is not being paid from funds of the estate under 11 U.S.C. § 330, permission is not ordinarily needed. The court's review of debtor's transaction with counsel focuses upon whether the compensation exceeds the "reasonable value" of services and usually does not necessitate an order unless the court elects to disturb the status quo. Counsel's obligation is merely to file the statement and supplemental statements required by the statute and the rules. 11 U.S.C. § 329(a); Bankr.Rule 2016(b). Although I do not propose to disturb the status quo and am disinclined to issue unnecessary orders, the paucity of guidance to the bar in this district makes it appropriate to take up the section 329 analysis below after addressing the rules on withdrawal.

court, by state, and by the nature of the proceeding involved.

Two constraints on the freedom to contract are implicated in this matter. The immediate question relating to appearances in court is governed by local rules of court. The question of fees is subject to the statutory requirement that debtors not be required to pay more than the "reasonable value" of services rendered by an attorney.

1. *Local Rules Applicable to Practice by Attorneys.*

■ The court rules that constrain an attorney's latitude in contracting are the Local Rules of the United States District Court for the Eastern District of California ("Local Rules"). When an attorney appears on behalf of a debtor in a bankruptcy case in this court or in an adversary proceeding, that attorney is making an appearance on behalf of a client in a proceeding in a federal court—the United States Bankruptcy Court for the Eastern District of California, a unit of the United States District Court for the Eastern District of California. 28 U.S.C. § 156. The bankruptcy court does not maintain its own bar.[2] Counsel appear in bankruptcy court under

the same terms and conditions as in the district court. Counsel are expected to perform at the high standards that are the hallmark of federal courts.

Local Rules 180–84 define eligibility to practice and regulate the terms and conditions of such practice. Counsel must be either (1) a member of the bar of the Eastern District, (2) representing the United States (and be admitted in certain other courts), or (3) appearing *pro hac vice*. Local Rule 180(b). Those rules also define the methods for making an appearance and the terms and conditions of withdrawal.

Appearances by attorneys in bankruptcy cases in this district are governed by Local Rule 182(a).[3] Likewise, withdrawals of appearances where the client would be left unrepresented are governed by Local Rule 182(b), which requires that attorneys not withdraw in an action in which they have appeared without leave of court upon noticed motion.[4] In contrast, withdrawal is automatic upon substitution of new counsel.[5] The local rule incorporates the requirements for withdrawal in the Rules of Professional Conduct of the State Bar of California.[6]

---

2. The district court has delegated to the bankruptcy judges of the district the power to rule on applications for *pro hac vice* practice before the bankruptcy court. General Order No. 192 (March 17, 1986).

3. Local Rule 182(a). Appearance as Attorney. No attorney may participate in any proceedings in a case unless the attorney has entered an appearance as attorney of record. The signing of a pleading or motion by an attorney constitutes an appearance by that attorney as an attorney of record in the action. The appearance may also be made by physically appearing at a court hearing in the matter or by filing and serving on all parties a written statement that the attorney is representing a designated client or clients, giving the name, address and telephone number of the attorney and signed by the attorney. Appearances shall not be made in the name of a law firm alone.

4. Local Rule 182(b). Withdrawal. Subject to the provisions of subsection (c) [withdrawal following limited appearance], an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of Court upon noticed motion and written notice to the client and all other

parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

5. When the court must authorize employment, a substitution is not effective until the new counsel is authorized to be employed pursuant to 11 U.S.C. §§ 327 or 1103.

6. *See, e.g.,* Rule 2–111(A)(2), Rules of Professional Conduct of the State Bar of California:
   (2) In any event, a member of the State Bar shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to

Some explanation about how these rules apply in bankruptcy matters is warranted. The root of the problem at hand lies in confusion about what constitutes the action in which counsel has appeared. Bankruptcy entails several different types of matters. First, there is the "bankruptcy case" itself, wherein a debtor's property is assembled for orderly distribution according to the scheme prescribed by the Bankruptcy Code. Next, there are various "contested matters" that commonly ensue—e.g. relief from automatic stay and avoiding certain liens—from the filing of a case. Contested matters are intended to be resolved in short order and are dealt with as motions. Finally, there are "adversary proceedings" that are essentially civil actions governed by substantially all the Federal Rules of Civil Procedure.[7]

■ The appearance in an adversary proceeding can be disposed of first. The differences between adversary proceedings and the bankruptcy case are so substantial that Local Rule 182(b) does not come into play until after an attorney has entered an appearance in the adversary proceeding. Such proceedings are functionally equivalent to civil actions in district court, are conducted under essentially the same procedural rules, and culminate in a formal trial. The issues that may be litigated span nearly the breadth of the common law and statutory causes of action.

An attorney's appearance in a bankruptcy case has more consequences, and potentially entails more credit risk for counsel, than an appearance in a bankruptcy adversary proceeding. It constitutes an appearance for all purposes in the case, other than in adversary proceedings. The various motions that parties may make, including "contested matters," are part of that case and are subject to motion procedures that are designed to permit expeditious resolution.[8]

■ An attorney who enters an appearance on behalf of a debtor in a bankruptcy case may not withdraw (or decline to act) in a fashion that leaves the debtor unrepresented in a "contested matter" without first complying with the requirements of Local Rule 182(b). Thus, counsel who is uncomfortable about being paid for further services may withdraw only if there is either (1) a substitution of a new counsel other than the debtor or (2) a court order authorizing the withdrawal, which order must be on motion noticed to the client and all other parties who have appeared and which is subject to the further requirement that counsel has taken reasonable steps to avoid foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with any other applicable laws and rules.

### 2. *Review of Compensation.*

An attorney is entitled to be compensated for services that are performed pursuant to contract. Compensation initially is left to the contracting parties. The applicable statute imposes a "reasonable value" constraint by authorizing a bankruptcy court to compel a refund to the extent that

---

which the client is entitled, and complying with applicable law and rules.

7. The Federal Rules of Civil Procedure apply in bankruptcy only insofar as they are made applicable thereto in rules promulgated by the Supreme Court. Fed.R.Civ.P. 81(a)(1). The following rules have been so made applicable in adversary proceedings: Fed.R.Civ.P. 3, 4(a)–(c)(2)(C)(i), 4(d)–(e), 4(g)–(j), 5, 6(b), 6(d)–(e), 7–10, 12(b)–(h), 14–21, 22(*I*), 23–37, 40–46, 52, 54(a)–(c), 55–56, 58–65, 67–71, 81(c), 82. Some of these have been supplemented by the Bankruptcy Rules. In addition, the following rules apply in revised form: 11, 12(a), 13, 65.1, 72, 77, 80, 83.

8. Thus, for example, evidence on motions may be heard on affidavits unless the court directs that the matter be heard wholly or partly on oral testimony or deposition. Fed.R.Civ.P. 43(e); Bankr.Rule 9017. Any given contested matter can, however, burgeon into a full-blown adversarial litigation replete with discovery; Federal Rules of Civil Procedure 26 and 28–37 apply in contested matters. *See* Bankr.Rule 9014. At that point, withdrawal may become justifiable. *See* Rule 2–111(C), Rules of Professional Conduct of the State Bar of California.

compensation to an attorney representing a debtor is excessive. 11 U.S.C. § 329.

■ Within the reasonable value constraint, the parties are free to contract for payment of fees on any basis—e.g. fixed fee, straight hourly rate, combination of fixed payment and hourly rate—and in any form—peppercorns will suffice.[9]

■ The court's focus in reviewing a debtor's transactions with attorneys under section 329 is limited to value. In this instance, the contract called for a fixed fee of $690.00, which would cover all services and costs through the First Meeting of Creditors plus compensation at $75.00 per hour for subsequent services. The fixed fee based upon the amount of time consumed in the standard chapter 7 case is consistent with the majority of consumer chapter 7 cases in this district and does not exceed the reasonable value of the basic services that are covered by the contract. Similarly, the hourly rate that is specified in the contract is within the hourly rates that are routinely awarded to counsel in bankruptcy matters in this district and, accordingly, is a reasonable rate.

The actual additional services for which counsel has billed the debtor relate to a motion for relief from automatic stay in which counsel worked out a settlement that enabled the debtor to retain the vehicle that he needed to reach his place of employment. Once counsel became involved in the matter, he performed well and efficiently. The total effort necessarily consumed at least the amount of time that counsel has billed. Thus, the sum that counsel wishes to charge his client does not exceed the reasonable value of the services.

---

**9.** Credit risk is a factor for an attorney to take into account when the fee and payment arrange- ments are negotiated.